### REMOVAL OF STRAW FROM A LEASED FARM.

[Circuit Court of Lorain County.]

FRANK GARRETT v. SAMUEL BRANT.

Decided May 8, 1905.

*Landlord and Tenant—Lease of Farm—And Contract Terminating Lease—Hay, Straw and Manure—Right of Removal of Straw.*

While it is common practice in leasing farms to treat hay and straw as manure is treated at common law—that is, as a fixture of the farm—and such a provision was incorporated in the lease to the defendant, yet in construing a subsequent contract terminating the lease, the provision thereof that the defendant was to harvest his crops and remove them by December 1, must be construed as giving him the right to remove the straw.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an appeal from the Lorain County Common Pleas

Court. Plaintiff rented defendant a farm, September 1, 1902, for a term ending November 1, 1905, by written lease, providing, among other things, that "the straw and manure is to be used on the farm." Later they quarreled, and a written "settlement" was executed by the parties June 4, 1904, stipulating that the term should end December 1, 1904; that meanwhile defendant shall "conduct the farm as provided in the lease," "in a husbandlike manner"; that he should "harvest his crops or remove the same on or before December 1, 1904," and that "this settlement shall take the place of said lease." This agreement has been carried out, but the defendant on quitting the premises threatened to take the straw with him, and plaintiff brought this action to enjoin him from doing so.

The case turns wholly on the construction of the writings. At common law manure made on a farm is a fixture, and it is common practice in leasing farms to covenant expressly that hay and straw shall be treated as if in the same category, in order to preserve the fertility of the soil by returning these products ultimately to the ground from which they have sprung.

Without such a covenant hay and straw are of course not fixtures. The covenant in the original lease on this subject is not free from doubt. Instead of providing that the straw shall be left on the premises, it stipulates that it shall be used on the premises. The contract of settlement moreover expressly abrogates the lease, except as to the manner in which defendant shall conduct the farm. It stipulates nothing as to his duty when the times come for him to cease conducting the farm, except that he is to harvest his crops or remove the same on or before December 1, 1904. If the lease terminated in the spring the question would be more free from doubt. It is manifest that the tenant could not well use all the straw on the farm before December, and his right to remove it then is not so clearly overruled by the writings in evidence that we can enjoin him from so doing. He had the right to remove the straw unless the parties had expressly agreed otherwise. This we find they failed to do in the final agreement. The petition is therefore dismissed.

*E. G. & H. C. Johnson* and *Q. A. Gillmore,* for plaintiff.

*J. F. Williams* and *C. A. Metcalf,* for defendant.